# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 29, 2010

Lyle W. Cayce
Clerk

No. 10-50152
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARTIN MARTINEZ-ESTRADA, also known as Luis Chavez-Martinez, also
known as Victoriano Martinez-Estrada,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:09-CR-253-7

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Martin Martinez-Estrada appeals his 130-month sentence imposed after
his jury-trial conviction for possession, with intent to distribute, more than 100,
but less than 1000, kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1)
and 18 U.S.C. § 2. Martinez contends: (1) the district court abused its discretion
by admitting alleged hearsay testimony of Agent Holguin, a member of the Drug
Enforcement Agency Task Force, regarding a description of Martinez' personal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appearance; and (2) his rights were substantially affected by admission of this testimony because it improperly bolstered the testimony of his two co-defendants.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted". FED. R. EVID. 801(c). Such testimony is generally *not* admissible as evidence, unless it falls within an exception. *See* FED. R. EVID. 802. The district court's evidentiary ruling is reviewed for abuse of discretion, subject to a harmless-error analysis. *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008); *see* FED. R. EVID. 103(a). In other words, an evidentiary-ruling error is reversible only where it substantially affects defendant's right to a fair trial. *Crawley*, 533 F.3d at 353; FED. R. EVID. 103(a).

The district court did *not* abuse its discretion in admitting Agent Holguin's testimony. The Government asked Agent Holguin to testify specifically about information he provided to another law enforcement agent during the course of the investigation. The information relayed was based on details provided during interviews of Martinez' co-defendants and included: a description of Martinez as wearing a black T-shirt and camouflage trousers during the commission of the crime, and having a distinctive tattoo around his right eye. The description was *not* offered to prove the truth of the matter asserted, but rather to explain how Agent Holguin proceeded in the investigation. Out-of-court statements, offered to provide background information to explain the actions of investigators, are *not* hearsay. *United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir.), *cert. denied,* 129 S. Ct. 2450 (2009).

In any event, any error was harmless because admission of the testimony did *not* substantially affect Martinez' rights. *See id.* at 509 (holding prosecutor's statements did not substantially effect defendant's right to fair trial). The record is replete with evidence of the description co-defendants provided to Agents regarding Martinez' appearance, including the testimony of two co-defendants

who explained the descriptions they provided to agents. Furthermore, the record reflects additional, overwhelming evidence of Martinez' participation in the drug venture: two co-defendants testified Martinez was one of seven men recruited to transport marijuana into the United States from Mexico, carried one of the bags containing a substance confirmed to be marijuana, acted as a translator for the non-English speaking participants, and even made some of the decisions during the trip.

AFFIRMED.